UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GS HOLISTIC, LLC,

        Plaintiff,

  v.

A Z VAPOR, INC.
and KHALDON SATI,

        Defendants.

Case No. 23-cv-742-pp

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DEEM SERVICE TIMELY UPON DEFENDANT (DKT. NO. 5)**

---

      On June 9, 2023, the plaintiff filed suit against the defendants, alleging counterfeiting and infringement of trademarks, false origin designation and unfair competition. Dkt. No. 1. On July 31, 2023, the plaintiff filed an affidavit of service indicating that defendant AZ Vapor, Inc. had been served on July 6, 2023. Dkt. No. 4.[1]

      On November 10, 2023, the plaintiff filed the instant "motion to deem service timely upon defendant." Dkt. No. 5. The plaintiff explains that on July 6, 2023, the Cream City Process Service attempted to serve defendant Khaldon Sati—whom the complaint implies is the owner of A Z Vapor, Inc., dkt. no. 1 at ¶23—at 187 N. Pioneer Road, Suite 102, Fond du Lac, Wisconsin, but was not successful. Id. at ¶4. The plaintiff attached to the motion an affidavit of due diligence from Shawn Conrad—apparently a process server—who asserts that he attempted to serve Sati on July 6, 2023 at 187 N. Pioneer Rd., Suite 102,

---

[1] The court makes no findings on whether the method of service was proper.

1

Fond du Lac, WI. Dkt. No. 5-1. Conrad avers that "Antonio Godfrey, Manager of A Z Vapor Inc.," told the process server that Sati "resides out of state" but was "[u]nwilling to provide any further information." Id.

The motion next indicates that "[t]he staff for the Plaintiff's corporate counsel performed two skip traces to locate *Mr. Elzofri* at another address." Dkt. No. 5 at ¶7 (emphasis added). The motion indicates that the first skip trace "resulted in 9 potential addresses for *Mr. Elzofri* while the second skip trace resulted in 14 different potential addresses, none of which assisted in locating the Defendant." Id. (emphasis added). There is no "Mr. Elzofri" named in the complaint and the motion does not explain who "Mr. Elzofri" is or how he relates to the case. Either the plaintiff cut and pasted this paragraph from another motion (in which case, it has no impact on the issue the plaintiff is asking the court to decide), or the skip trace information was meant to refer to the plaintiff.

The motion next explains that the plaintiff has two other cases pending against Sati in this jurisdiction.[2] Id. at ¶8. The plaintiff asserts that it was able to serve "the store defendants in each action relatively quickly," but that it took "a significant amount of time" to locate Sati, "who turned out not to be located out of state" as the A Z Vapor, Inc. store manager allegedly told the process server. Id. at ¶9. The plaintiff asserts that in effecting service on the corporate defendant in Case No. 23-cv-1056-WCG, the plaintiff "was finally able to locate and serve Mr. Sati, October 28, 2023." Id. at ¶13. The plaintiff attached to the motion a summons and proof of service; the summons is directed to Sati at

---

[2] The corporate defendant in those two cases was A-Z Tobacco, Inc., d/b/a A-Z Tobacco & Vapor Shop. GS Holistic LLC v. A-Z Tobacco, Inc., *et al.*, Case No. 23-cv-1054-WCG (E.D. Wis.); GS Holistic, LLC v. A-Z Tobacco, Inc., d/b/a A-Z Smoke Shop, *et al.*, Case No. 23-cv-1056-WCG (E.D. Wis.).

2

W3192 County Rd KK, Suit H, Appleton, WI 54915. Dkt. No. 5-4 at 1. But the proof of service, completed by someone named Laura Guyton on October 28, 2023, is incomplete. Id. at 2. Guyton marked the box next to "I personally served the summons on the individual at (*place*)," but the fields for the address and date of service are blank. Id.

Despite telling the court that it was able to "locate and serve" Sati "October 28, 2023," the motion says in the next paragraph that Sati "was then properly served on November 9, 2023, the Summons and Complaint," but does not say for which case. Dkt. No. 5 at ¶14. In support of this assertion, the plaintiff attached to the motion the proof of service page for a civil summons. Dkt. No. 5-5. That single page lists the Civil Action No. as "2:23-CV-742-PP," says that the process server received a summons for Khaldon Sati on November 7, 2023, and says that the summons was left at "the individual's residence or usual place of abode with jennifer [sic] Sati, a person of suitable age and discretion who resides at 13000 South Diamond Lake Road, Dayton, MN 55327, on 11/09/2023 at 8:42 AM, and mailed a copy to the individual's last known address." Id. At the bottom of the page, the process server wrote,

> I delivered the documents to jennifer [sic] Sati who identified themselves as the subject's spouse, co-resident with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 44-55 years of age, 5'6"-5'8" tall and weighing 120-140 lbs.

Id. The page was signed by Joshua Davison and dated November 9, 2023. Id.

The plaintiff asks the court to "consider that Mr. Sati is the registered agent for A-Z Tobacco Inc. according to the Wisconsin Department of Financial Institutions website and should have had notice of the three lawsuits against him where each A-Z Tobacco Inc. store was timely served." Id. at 3. The

3

plaintiff attached the motion the Wisconsin Department of Financial Institutions details for "A-Z Tobacco Inc.," a co-defendant in the other two cases the plaintiff has pending against Sati in this district. See Case Nos. 23-cv-1054; 23-cv-1056.

The plaintiff asserts for "this reason," and for the "misinformation provided by the store employee in the Affidavit" from Shawn Conrad, "that the Plaintiff believes MR. Sati was evading service." Dkt. No. 5 at ¶16. The plaintiff also asserts that the defendant "will not now be prejudiced as they will be provided the full statutory period in which to respond to the Complaint." Id. at ¶17. The plaintiff concludes by asking the court to "deem service on time the Defendant, KHALDON SATI, timely filed." Id. at page 4.

The court will deny the motion. First, the motion cites no rule, statute or case authorizing the court to "deem" Sati "timely filed"—or even timely served. Civil Local Rule 7(a) (E.D. Wis.) requires that "[e]very motion must state the statute or rule pursuant to which it is made . . . ." The Seventh Circuit "has repeatedly recognized that district courts may require exact compliance with their local rules." Allen-Noll v. Madison Area Tech. Coll., 969 F.3d 343, 349 (7th Cir. 2020).

Second, the plaintiff should know, given the number of cases it has filed in this district, that Federal Rule of Civil Procedure 4 governs service. Rule 4(m) requires the plaintiff to serve the defendant "within 90 days after the complaint is filed." The complaint was filed on June 9, 2023—that means that the plaintiff was required to serve Sati by Thursday, September 7, 2023. The plaintiff did not do so. The process server left the summons and complaint with someone who identified herself as Jennifer Sati at the address in Dayton, Minnesota on November 9, 2023—*two months* after the September 7, 2023

4

deadline. At no time prior to the September 7, 2023 service deadline (or, for that matter, during the two months that followed) did the plaintiff file a motion asking for an extension of time to serve Sati. The November 9, 2023 service was *not* timely.

Rule 4(m) states that "if the plaintiff shows good cause" for failing to timely serve the summons and complaint, "the court must extend the time for service for an appropriate period." It appears that the plaintiff's allegations in the motion are its effort to demonstrate to the court that it had good cause for failing to timely serve Sati. The plaintiff says that a process server tried to serve Sati on July 6, 2023 at 187 N. Pioneer Rd., Suite 102 in Fond du Lac. The complaint lists that address as the principal place of business of A Z Vapor, Inc. Dkt. No. 1 at ¶5. Although neither the motion nor the process server said so, it appears that Sati wasn't at the business on July 6, 2023, but someone named Antonio Godfrey, the store's manager, advised the process server that Sati resided "out of state."

The plaintiff then provides the (singularly unhelpful) paragraph about running skip traces on "Mr. Elzofri." Perhaps the plaintiff ran a skip trace on *Sati.* If so, the plaintiff provides no information about the service it used or the addresses the skip traces revealed; it just says those addresses weren't helpful in finding Sati. The plaintiff then recounts that it has filed two other cases against Sati in the Eastern District of Wisconsin and says that in those cases, it took a long time to find Sati. The plaintiff provides no information about what it did to try to find Sati in those cases, but it asserts that it served Sati on October 28, 2023. Neither the motion nor the proof of service indicate *where* the plaintiff served Sati on October 28, 2023, or how the plaintiff found that address. And the plaintiff does not explain why, if it was able to serve Sati on

5

October 28, 2023 in one of the other cases, it did not also serve him with the summons and complaint in *this* case at the same time. October 28, 2023 still would have been beyond the September 7, 2023 service deadline for this case, but if the plaintiff had an address for Sati, one would think it would have tried to serve the complaints in all its pending cases at each address it discovered.

Finally, the plaintiff provided documentation showing that on November 9, 2023, it served Sati by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there—a method allowed by Fed. R. Civ. P. 4(e)(2)(B). And sure enough, despite the plaintiff's assertion that it believes the A Z Vapor store manager provided its process server with "misinformation" about Sati residing out of state, the plaintiff effected service on someone claiming to be Sati's wife in *Minnesota*, which is "out of state" for people who live in Wisconsin. The plaintiff does not explain how it got the Minnesota address or *when* it got the Minnesota address.

The plaintiff also asserts that because Sati is the registered agent for the corporate defendant in "three" other cases pending in this district (it cited only two), and because the plaintiff effected service on that corporate defendant in the other two cases, Sati "should have had notice of the three lawsuits against him where each A-Z Tobacco Inc. store was timely served." But the defendant in this case is *not* A-Z Tobacco, Inc.—it is A Z Vapor, Inc., and the plaintiff provided no information about whether there is any relationship between A-Z Tobacco, Inc. and the defendant in this case. Nor does the complaint or the motion explicitly state Sati's relationship to the corporate defendant in this case. It is not clear why service of two other lawsuits on A-Z Tobacco, Inc.

6

should have given Sati a heads-up that the plaintiff was trying to serve him with a third complaint in a case involving A Z Vapor, Inc.

The plaintiff has not shown good cause for failing to serve Sati within the ninety days required by Rule 4(m).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to deem service timely upon defendant. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 17th day of November, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
