GS HOLISTIC, LLC,

        Plaintiff,

        Case No. 23-cv-742-pp

v.

AZ VAPOR, INC.
and KHALDON SATI,

        Defendants.

**ORDER GRANTING JOINT MOTION TO CONSOLIDATE CASES
(DKT. NO. 15)**

On February 21, 2024, the parties filed a joint motion to consolidate cases, asking the court to consolidate this case (23-cv-742-pp) with two other pending cases (23-cv-1054-WCG and 23-cv-1056-WCG). <u>GS Holistic LLC v. A Z Vapor Inc., et al.</u>, 23-cv-742-pp (E.D. Wis.), Dkt. No. 15. Because all three cases involve the same parties, the same claims and effectively the same facts, the court will grant the motion to consolidate cases.

**I.    Background**

On June 9, 2023, the plaintiff filed the complaint in this case, alleging trademark infringement, counterfeiting and false designation of origin and unfair competition. Dkt. No. 1 at ¶1. The plaintiff claims that the defendants have infringed on its "Stündenglass" trademark by offering for sale, and selling, counterfeit Stündenglass products with the Stündenglass trademark and without the plaintiff's consent. <u>Id.</u> at ¶24. The case stems from the defendants' alleged offer for sale, and sale of, counterfeit goods on February 17, 2023 at a

store located at 187 N Pioneer Rd., Suite 102, Fond Du Lac, WI 54935. Id. at ¶¶5, 29.

On August 9, 2023, the plaintiff filed two cases against the same defendants, also alleging trademark infringement, counterfeiting and false designation of origin and unfair competition. GS Holistic LLC v. A-Z Tobacco, Inc., et al., 23-cv-1054, Dkt. No. 1 at ¶1; GS Holistic LLC v. A-Z Tobacco, Inc., et al., 23-cv-1056, Dkt. No. 1 at ¶1. These cases claim that the defendants offered for sale, and sold, counterfeit Stündenglass products in February 2023. Case No. 23-cv-1054, Dkt. No. 1 at ¶¶24, 29; Case No. 23-cv-1056, Dkt. No. 1 at ¶¶24, 29. Case No. 23-cv-1054, however, addresses activity at a store located at 15 W Murdock Ave., Oshkosh, WI 54901, while Case No. 23-cv-1056 addresses activity at a store located at W3192 County Rd KK, Suite H, Appleton, WI 54915. Case No. 23-cv-1054, Dkt. No. 1 at ¶5; Case No. 23-cv-1056, Dkt. No. 1 at ¶5.

On January 12, 2024, Judge William C. Griesbach, to whom the two later-filed cases are assigned, issued an order consolidating Case No. 23-cv-1054 and Case No. 23-cv-1056. Case No. 23-cv-1054, Dkt. No. 16. The parties ask this court to consolidate this case with the two cases assigned to Judge Griesbach. Case No. 23-cv-742-pp, Dkt. No. 15.

**II.    Applicable Law**

Rule 42(a) of the Federal Rules of Civil Procedure states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

2

The Seventh Circuit reviews a district court's decision on consolidation "only for abuse of discretion." Star Ins. Co. v. Risk Marketing Group, Inc., 561 F.3d 656, 660 (7th Cir. 2009) (citation omitted). "In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp., Case Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." Id. (citations omitted). Courts should decline to consolidate if consolidation would lead to confusion or prejudice. Id.

### III. Analysis

The court will grant the parties' joint motion, because the cases "involve a common question of law or fact." Case No. 23-cv-742-pp, Dkt. No. 15; see also Federal Rule of Civil Procedure 42(a). In all three cases, the plaintiff sued the same defendants and brought the same two claims: (1) Federal Trademark Counterfeiting and Infringement, 15 U.S.C. §1114 and (2) Federal False Designation of Origin and Unfair Competition, 15 U.S.C. §1125(a). Case No. 23-cv-742, Dkt. No. 1 at ¶¶5-6, 51-68; Case No. 23-cv-01054, Dkt. No. 1 at ¶¶5-6, 51-68; Case No. 23-cv-1056, Dkt. No. 1 at ¶¶5-6, 51-68. In all three cases, the plaintiff alleged that the defendants offered for sale, and sold, counterfeit Stündenglass products in February 2023. Case No. 23-cv-742, Dkt. No. 1 at ¶¶24, 29.; Case No. 23-cv-01054, Dkt. No. 1 at ¶¶24, 29.; Case No. 23-cv-1056, Dkt. No. 1 at ¶¶24, 29. The only significant difference between the three cases is the location of the stores where the alleged sales occurred. Case No. 23-cv-742, Dkt. No. 1 at ¶5; Case No. 23-cv-01054, Dkt. No. 1 at ¶5; Case No.

23-cv-1056, Dkt. No. 1 at ¶5. This difference does not outweigh the numerous similarities that warrant consolidating these cases.

## IV. Conclusion

The court **GRANTS** the parties' joint motion to consolidate. Dkt. No. 15.

The court **ORDERS** that Case Nos. 23-cv-1054 and 23-cv-1056 must be reassigned to Chief Judge Pepper.

Under Civil Local Rule 42(b) (E.D. Wis.), the court **ORDERS** that going forward, the parties must caption all pleadings and other filings using the consolidated case caption for this case and that all pleadings and filings must be filed and docketed only in this case (Case No. 23-cv-742). The court **ORDERS** that the Clerk of Court must place a notation on the docket sheet for each of the three cases, indicating that Case No. 23-cv-742 is the lead case and Case Nos. 23-cv-1054 and 23-cv-1056 are member cases.

With the exception of the final pretrial conference and trial, the court **ADOPTS** the scheduling order issued in Case No. 23-cv-1054 dated January 12, 2024. Case No. 23-cv-1054, Dkt. No. 16. The court will not set dates for a final pretrial conference or trial until dispositive motions have been decided.

The court **ORDERS** that the February 23, 2023, 3:30 p.m. scheduling conference is **REMOVED** from the court's calendar.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**